IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>vs.<br><br>AARON C. KREIFELS,<br><br>                      Defendant. | 4:15-CR-3075<br><br>MEMORANDUM AND ORDER |

      This matter is before the Court on the defendant's motion to suppress (filing 28), the Magistrate Judge's findings and recommendation (filing 56) on the motion to suppress, and the defendant's objection (filing 60) to the findings and recommendation. The Court will set a supplemental evidentiary hearing on the motion to suppress.

      The underlying facts of the case are set forth in the Magistrate Judge's order, filing 56 at 1-4, and will not be repeated here. The issues presented by the defendant's objection (filing 60) are (1) whether the second search of the defendant's residence, by Investigator Kirkley, was an unlawful search and (2) if so, whether the third and final search of the residence, performed pursuant to the search warrant obtained by Kirkley, was an "independent" source of evidence within the meaning of the independent source doctrine. The Court reviews the Magistrate Judge's findings and recommendation on those issues *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

      To begin with, the government contends that Kirkley's search of the residence was merely a continuation of the initial search performed under the exigent circumstances created by medical emergency. Filing 56 at 6-7. But while "the police may seize any evidence that is in plain view *during the course* of their legitimate emergency activities[,]" that "warrantless search must be strictly circumscribed by the exigencies which justify its initiation[.]" *Mincey v. Arizona*, 437 U.S. 385, 393 (1978) (emphasis supplied) (quotation omitted). And Kirkley's warrantless tour of the residence, which took place nearly an hour and a half after the patient had been taken to the hospital, was not justified by any exigency.

      The Court recognizes that the Fifth Circuit, among other courts, has held that a post-exigency search may be valid because once a citizen's privacy has been invaded by police because of an exigent circumstance, "the citizen has lost his reasonable expectation of privacy to the extent of the invasion."

*United States v. Brand*, 556 F.2d 1312, 1317 (5th Cir. 1977). But the Court finds that proposition difficult to square with the Supreme Court's holding in *Thompson v. Louisiana* that an attempt to get medical assistance did not evidence a diminished expectation of privacy beyond the scope of the exigency. 469 U.S. 17, 22 (1984). The defendant's "call for help," the Court said, could "hardly be seen as an invitation to the general public that would have converted her home into the sort of public place for which no warrant to search would be necessary." *Id.*

Instead, while the responding officers could have seized evidence in plain view during their initial search, they did not: they secured the scene and the exigency abated. So,

> [t]he second time police officers entered, there was no justification for the warrantless search. By the time the narcotics officers reached the scene, [the] home was secured, meaning nobody could enter or disturb anything. Neither exigent circumstances nor public safety any longer justified a warrantless entry, and the officers—having assured themselves no one was inside—could not think there was any risk the marijuana might be destroyed. . . . [The] second, warrantless entry was an obvious breach of the firm line at the entrance to [the] house.

*United States v. Wright*, 739 F.3d 1160, 1172 (8th Cir. 2014) (Riley, Chief Judge, concurring); *see*, *Bashir v. Rockdale County*, 445 F.3d 1323, 1329-30 (11th Cir. 2006); *Bilida v. McCleod*, 211 F.3d 166, 171-73 (1st Cir. 2000); *United States v. Hoffman*, 607 F.2d 280, 284 (9th Cir. 1979).

The Court acknowledges that some degree of subsequent reentry may be permitted—an officer addressing an exigent circumstance need not do so while toting armloads of evidence found in "plain view" along the way. But such an extension clearly does not support securing the premises, then bringing another officer in to *assess* the evidence, well after the exigency had abated. Kirkley was not brought in simply to help Sullivan carry what he had seen. He was, quite clearly, conducting his own search: that Kirkley's search was coextensive with Sullivan's previous, lawful search does not change that fact, nor does it provide justification for a warrantless search in the absence of any exigency.

The search performed pursuant to the search warrant may nonetheless be an independent source of the challenged evidence if the decision to seek the warrant was not prompted by what was seen during the unlawful entry, and if information obtained during that entry did not affect the magistrate's decision to issue the warrant. *United States v. Leveringston*, 397 F.3d 1112,

1115 (8th Cir. 2005) (citing *Murray v. United States*, 487 U.S. 533 (1988)). But that is where the Court runs into the limitations of the record.

The defendant's motion to suppress was the subject of three rounds of briefing before the Magistrate Judge. The defendant's motion to suppress initially focused on—and the government's response addressed—whether the initial search was justified. *See,* filing 29; filing 40. Only at the conclusion of the hearing on the motion to suppress did the Magistrate Judge note the separate issue of whether Kirkley was lawfully in the home, and ask the parties to brief it. *See* filing 51 at 132-133. So, the parties filed a second set of briefs, in which the parties primarily addressed whether the second search was an extension of the first. *See*, filing 49, filing 50. Finally, a third set of briefs was filed in which the independent source doctrine was expressly addressed.[1] *See*, filing 52; filing 53.

The problem that creates is that at the evidentiary hearing on the motion to suppress, continuation of the search and, particularly, the independent source doctrine were not clearly at issue. As a result, neither party adduced the evidence the Court needs to determine whether that doctrine applies here. In particular, "what counts is whether the actual illegal search had any effect in producing the warrant[.]" *United States v. Craig*, 630 F.3d 717, 722 (8th Cir. 2011) (quoting *Murray*, 487 U.S. at 542 n.3). In other words, the question is, if Kirkley had not entered the residence unlawfully, would police still have sought a warrant? *See id.* And the government is to present "specific evidence that the officers were not prompted by allegedly unlawful activity to obtain the warrant, and [to] seek a finding on that point from the district court." *Leveringston*, 397 F.3d at 1115.

It is within the Court's discretion, under these circumstances, to hold a second evidentiary hearing to receive further evidence relevant to the motion to suppress. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); NECrimR 59.2(b); *see United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994); *compare United States v. Davis*, 174 F.3d 941, 947 (8th Cir. 1999); *see also*, *United States v. Ozuna*, 561 F.3d 728, 735-36 (7th Cir. 2009); *United States v. Lopez*, 284 F. App'x 156, 158 (5th Cir. 2008); *United States v. Bayless*, 201 F.3d 116, 131 (2d Cir. 2000); *United States v. Jenkins*, 728 F.2d 396, 397-98 (6th Cir. 1984); *United States v. Greely*, 425 F.2d 592, 593-94 (D.C. Cir. 1970); c*ompare also, United States v. Bejarano-Ramirez*, 35 F. App'x 740, 746 (10th Cir. 2002); *United States v. Hassan*, 83 F.3d 693, 696-97 (5th Cir. 1996). The

---

[1] Although there is some discussion in the briefs of the inevitable discovery doctrine, *see* filing 52 at 2-3, that doctrine, "with its distinct requirements, is in reality an extrapolation from the independent source doctrine" and the Court sees no reason to discuss it separately on these facts. *See Murray*, 487 U.S. at 539.

defendant's motion to suppress did not put the government on notice, at the time of the evidentiary hearing, that the propriety of the second search was at issue, or that the independent source doctrine would be relevant; therefore, there was good cause for the government not to present evidence supporting application of the independent source doctrine. The Court finds that a supplemental hearing is not only appropriate, but necessary, to make a fully-informed ruling on the independent source doctrine.

In sum: the Court finds that Kirkley's warrantless search of the defendant's residence was not an extension of the initial emergency search, and that it was unlawful. The Court cannot, however, rule on the defendant's motion to suppress without conducting an additional hearing to afford both parties an opportunity to adduce evidence relevant to the independent source doctrine, as explained above. The parties will be directed to confer and, on or before May 3, 2016, contact the undersigned's judicial assistant to set a supplemental evidentiary hearing on the defendant's motion to suppress.

IT IS ORDERED that the parties are directed to confer and on or before May 3, 2016, contact the undersigned's judicial assistant to set a supplemental evidentiary hearing on the defendant's motion to suppress (filing 28).

Dated this 29th day of April, 2016.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge