IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AARON C. KREIFELS,

Defendant.

4:15-CR-3075

MEMORANDUM AND ORDER

This matter is before the Court on the defendant's motion to suppress (filing 28), the Magistrate Judge's findings and recommendation (filing 56) on the motion to suppress, and the defendant's objection (filing 60) to the findings and recommendation. The Court has conducted a supplemental evidentiary hearing on the motion to suppress and, based on the evidence presented at that hearing in addition to the evidence presented before the Magistrate Judge, the Court will overrule the defendant's objection, adopt the findings and recommendation, and deny the motion to suppress.

The underlying facts of the case are set forth in the Magistrate Judge's order, filing 56 at 1-4, and the Court's Memorandum and Order of April 29, 2016, filing 61, and will not be repeated here. The Court has reviewed the Magistrate Judge's findings and recommendation *de novo*, and has received further evidence relevant to the motion to suppress. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); NECrimR 59.2(b). The sole issue addressed at the supplemental hearing was whether the third and final search of the residence, performed pursuant to the search warrant obtained by Investigator Kirkley, was an "independent" source of evidence within the meaning of the independent source doctrine.[1]

As explained in the Court's previous order (filing 61), the search performed pursuant to the search warrant may be an independent source of the challenged evidence if the decision to seek the warrant was not prompted by what was seen during the second, unlawful entry, and if information obtained during that entry did not affect the magistrate's decision to issue the warrant. *United States v. Leveringston*, 397 F.3d 1112, 1115 (8th Cir. 2005) (citing *Murray v. United States*, 487 U.S. 533 (1988)). In particular,

---

[1] The Court previously rejected the government's argument that Kirkley's search was a "continuation" of the initial search performed under exigent circumstances. *See* filing 61.

discovered in any event. Based upon those findings, the Court will deny the defendant's motion to suppress the evidence.

IT IS ORDERED:

1. The defendant's objection (filing 60) the Magistrate Judge's findings and recommendation is overruled.

2. The Magistrate Judge's findings and recommendation (filing 56) are adopted.

3. The defendant's motion to suppress (filing 28) is denied.

Dated this 26th day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge