IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3075 |
| vs. | |
| AARON C. KREIFELS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the defendant's motion to suppress (filing 28), the Magistrate Judge's findings and recommendation (filing 56) on the motion to suppress, and the defendant's objection (filing 60) to the findings and recommendation. The Court has conducted a supplemental evidentiary hearing on the motion to suppress and, based on the evidence presented at that hearing in addition to the evidence presented before the Magistrate Judge, the Court will overrule the defendant's objection, adopt the findings and recommendation, and deny the motion to suppress.

The underlying facts of the case are set forth in the Magistrate Judge's order, filing 56 at 1-4, and the Court's Memorandum and Order of April 29, 2016, filing 61, and will not be repeated here. The Court has reviewed the Magistrate Judge's findings and recommendation *de novo*, and has received further evidence relevant to the motion to suppress. *See,* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); NECrimR 59.2(b). The sole issue addressed at the supplemental hearing was whether the third and final search of the residence, performed pursuant to the search warrant obtained by Investigator Kirkley, was an "independent" source of evidence within the meaning of the independent source doctrine.[1]

As explained in the Court's previous order (filing 61), the search performed pursuant to the search warrant may be an independent source of the challenged evidence if the decision to seek the warrant was not prompted by what was seen during the second, unlawful entry, and if information obtained during that entry did not affect the magistrate's decision to issue the warrant. *United States v. Leveringston,* 397 F.3d 1112, 1115 (8th Cir. 2005) (citing *Murray v. United States,* 487 U.S. 533 (1988)). In particular,

---

[1] The Court previously rejected the government's argument that Kirkley's search was a "continuation" of the initial search performed under exigent circumstances. *See* filing 61.

"what counts is whether the actual illegal search had any effect in producing the warrant[.]" *United States v. Craig*, 630 F.3d 717, 722 (8th Cir. 2011) (quoting *Murray*, 487 U.S. at 542 n.3). In other words, the question is, if Kirkley had not entered the residence unlawfully, would police still have sought a warrant? *See id.* And the government is to present "specific evidence that the officers were not prompted by allegedly unlawful activity to obtain the warrant, and [to] seek a finding on that point from the district court." *Leveringston*, 397 F.3d at 1115.

Based on the evidence presented at the supplemental hearing, the Court finds that the government has carried its burden, in two different ways. First, Kirkley testified that Sullivan's observations, when related to him, were sufficient to obtain a search warrant, and that he would have sought a warrant even had he not been led through the residence by Sullivan. The Court finds that testimony credible, and consistent with the testimony of both Sullivan and Kirkley at the evidentiary hearing before the Magistrate Judge. *See* filing 51 at 43, 105. Observations of fellow officers of the government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number. *United States v. Ventresca*, 380 U.S. 102, 111 (1965). And, in fact, when applying for the warrant, Kirkley's affidavit related Sullivan's observations of the residence instead of his own. This evidence, the Court finds, sufficiently demonstrates that Kirkley would have sought and obtained a search warrant even without his own unlawful search.

Second, Officer Sullivan testified that based on his observations during the initial, lawful search of the residence, he would have sought a search warrant had another officer been unavailable to do so. The Court also finds that testimony credible, and it implicates the inevitable discovery doctrine, which is an "extrapolation from the independent source doctrine." *Murray v. United States*, 487 U.S. 533, 539 (1988). Had Kirkley not come to the scene, Sullivan would have sought the warrant instead, and the same evidence would have been discovered upon the execution of that warrant, and because "the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered." *Id.*

In sum, the evidence shows that had Kirkley not unlawfully searched the residence, he would nonetheless have obtained the warrant based on Sullivan's observations, and had Kirkley not come to the scene at all, Sullivan would have obtained the warrant instead. This means that the warranted search was an independent source of the evidence, untainted by Kirkley's unlawful search, and that the evidence would have been inevitably

discovered in any event. Based upon those findings, the Court will deny the defendant's motion to suppress the evidence.

IT IS ORDERED:

1. The defendant's objection (filing 60) the Magistrate Judge's findings and recommendation is overruled.

2. The Magistrate Judge's findings and recommendation (filing 56) are adopted.

3. The defendant's motion to suppress (filing 28) is denied.

Dated this 26th day of May, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge